# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DEBORAH STEWART,**
**PLAINTIFF,**

**CASE NOS. C-1-05-390**
**(WEBER,J.)**
**(HOGAN, M.J.)**

**VS.**

**THE PROCTOR & GAMBLE**
**COMPANY, ET AL.,**
**DEFENDANTS.**

## REPORT AND RECOMMENDATION

This Report and Recommendation concerns only part of one of the eight pending cases that the pro se Plaintiff has filed. In this case, Plaintiff asserts that Defendant The Iams Co. "discriminated against her on the basis of gender, age and disability." (*See* Doc. 1, Complaint, ¶ 16). Plaintiff alleges that she applied for, and did not receive, the job of Manufacturing Technician with The Iams Co. (IAMS), a manufacturer of pet foods. Plaintiff alleges that Iams' rejection of her application for employment was motivated by a combination of "age, gender, real or perceived disability" and "the fact that she had engaged in protected activity," while employed by Proctor & Gamble (P&G), the parent of Iams. (Id. at ¶ 17). Before the Court is Defendant's Motion for Summary Judgment (Filed Under Seal) (Doc.17), Plaintiff's Memorandum in Opposition (Doc. 38)[1], Defendant's Reply (Doc. 19) and Plaintiff's Sur Reply (Doc. 54)[2]. Although Defendants' Motion addresses more than Plaintiff's complaint against Iams, we recommend that Defendants' Motion be granted insofar as it pertains to the single complaint where Iams is a party.

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56. *See also Celotex Corp. v. Catrett,*

---

[1] Plaintiff's memorandum was filed only under Case No. 04cv721 but in fact, references the present case on its face.

[2] Again, Plaintiff filed this document under Case No. 04cv721.

477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. In response to a summary judgment motion properly supported by evidence, the non-moving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987); *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989). Conclusory allegations, however, are not sufficient to defeat a properly supported summary judgement motion. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990). The non-moving party must designate those portions of the record with enough specificity that the Court can readily identify those facts upon which the non-moving party relies. *Karnes v. Runyon*, 912 F. Supp. 280, 283 (S.D. Ohio 1995)(Spiegel, J.). "[A]fter a motion for summary judgment has been filed, thereby testing the resisting party's evidence, a factual issue may not be created by filing an affidavit contradicting [one's own] earlier deposition testimony." *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir. 1991).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249-50. In so doing, the trial court does not have a duty to search the entire record to establish that there is no material issue of fact. *Karnes*, 912 F. Supp. at 283. *See also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988). The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 249-50.

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a *prima facie* case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). "Where the record taken as a whole could not lead a rational trier of fact to find for

2

the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## PROCEDURAL DEFECT - UNTIMELY FILING

Plaintiff filed an EEOC complaint against Iams on October 1, 2004. She listed claims of age, sex and disability discrimination and retaliation. The adverse job action which was the stimulus for the filing of the EEOC complaint occurred on November 11, 2003, the date Plaintiff received notification that her claim for employment was rejected. Three hundred and five days elapsed between the filing of Plaintiff's EEOC complaint and the date of the alleged discriminatory act. Since the time limit is 300 days, Plaintiff's EEOC complaint is time barred. *Doan v. NSK Corp.*, Nos. 03-1900/03-1936, 2004 U.S. App LEXIS 8712 (6th Cir. 2004).

## DISCRIMINATION ON THE MERITS

In order to prove a prima facie claim of discrimination of the failure-to-hire variety, Plaintiff must show that (1) she is a member of a protected class under Title VII, (2) she applied for and was qualified for an open position, (3) her employment application was rejected, and (4) the position was ultimately filled by someone outside the protected class. *Lomax v. Sears, Roebuck & Co.*, No 99-6589, 2000 U.S. LEXIS 33884 (6th Cir. 2000). Once the employer demonstrates a legitimate non-discriminatory reason for the rejection, the burden shifts to the prospective employee to show that the employer's stated reason constitutes pretext, which can be established by that (1) the employer's proffered reason had no basis in fact, (2) the proffered reason did not actually motivate the employer's action or (3) the proffered reason was insufficient to motivate the employer's action. *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078 (6th 1994).

To present a prima facie case of retaliation, Plaintiff must show that (1) she engaged in protected activity, (2) Iams knew that she had engaged in protected activity, (3) she suffered an adverse employment action and (4) the adverse employment action was caused, in whole or in

3

part, by the protected activity. *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363 (6th Cir. 2001). If Plaintiff is successful in presenting a prima facie case, the same burden shifting rules apply regarding the employer's obligation to demonstrate a legitimate nondiscriminatory reason for the adverse employment action and Plaintiff's burden to show pretext. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792-93 (6th Cir. 2000); *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 666 (6th Cir. 2000).

As an Exhibit to its Motion for Summary Judgment, Iams produced the Affidavit of Bob Miller, Senior Manager of Human Resources, whose responsibilities encompassed the Ivorydale facility, owned by P&G. Plaintiff had previously worked in the Utilities Department at Ivorydale. When the Ivorydale facility was sold in 2002, Plaintiff had the option to seek other employment with P&G at a different facility, take a severance package from P&G, attempt to obtain employment with the buyers of Ivorydale or retire if eligible. Plaintiff pursued the first and third options. In relation to the third option, Plaintiff applied for a position at Iams, a wholly owned subsidiary of P&G. Mr. Miller stated that Plaintiff was not hired at Iams because she was not qualified for the job. (Doc. 17, Exhibit B, Affidavit of Bob Miller).

Iams also relies on the Affidavit of Cleveland Bazemore, the Human Resources Site Manager at the Iams plant in Leipsic, Ohio. Mr. Bazemore stated that Plaintiff applied for the job of Manufacturing Technician in the fall of 2003. The first step after competing an on-line application is to complete an on-line request for more information, referred to by Iams as the "RMI" if the applicants answers meet or exceed Iam's needs. An "RMI" was sent to Plaintiff and based on her responses, a first interview was scheduled and conducted. Six out of twenty candidates were eliminated after the first interview, at which Plaintiff survived. At the second interview, nine candidates survived on the basis of test scores and Plaintiff, who received a score of less than twenty-one, was eliminated. One of the nine failed a background check and the other eight were hired by Iams. Two of the eight hired were female and four were over the age of forty.

Mr. Bazemore stated that Plaintiff's age and sex played no role in the process and that no decision maker at Iams knew that Plaintiff had a disability nor treated her differently because of any impairment. Mr. Bazemore also stated that Plaintiff never requested an accommodation

4

related to any disability she thought she had. Mr. Bazemore also stated that hiring decisions at Iams are made independently from P&G and that no Iams decision-maker had any knowledge that Plaintiff had contacted EEOC or had filed union grievances in relation to her previous employment at P&G. (Doc. 17, Exhibit F, Affidavit of Cleveland Bazemore).

Plaintiff responded in her Memorandum in Opposition that she understood or was led to understand that she had passed both the tests and interviews and that her employment was conditioned on the passage of a drug test. (Doc. 38, p. 6 ). Plaintiff then says that she was taking prescription drugs and infers that she must have failed the drug test and was not given an opportunity to produce prescriptions. Later at in her Memorandum in Opposition, Plaintiff asserts that she was given a "second solo interview by management" and then given an offer of employment contingent upon the passage of a drug test. (Id. at p. 31). She also stated that her past employment as P&G was discussed at her initial interview.

In defense of Iams' Motion for Summary Judgment, properly supported by the Affidavits of Messrs. Miller and Bazemore, Plaintiff presents only allegations and non-sworn statements. Plaintiff has failed to demonstrate a prima facie case of discrimination relative to sex, age or disability because she has failed to show that she was qualified for the job, that Iams knew of her engagement in protected activity, and that Plaintiff's rejection was related or caused by her EEOC complaints or grievance activity even if we consider Plaintiff's unsworn statements as lawfully supporting her claims.

## IT IS THEREFORE RECOMMENDED THAT

1)  Defendants' Motion for Summary Judgment (Doc. 17) be GRANTED with respect to Defendant The Iams Company; and

2)  Plaintiff's Complaint be DISMISSED as against Defendant The Iams Company.

March 29, 2007

Timothy S. Hogan
United States Magistrate Judge

5

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

6

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *Return Receipt Requested* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Deborah Stewart
1438 Windsong
Mason OH 45040

4a. Article Number

7002 0860 0006 5230 5653

4b. Service Type

☐ Registered ☑ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery

5. Received By: *(Print Name)*

6. Signature: *(Addressee or Agent)*
X

8. Addressee's Address *(Only if requested and fee is paid)*

Is your **RETURN ADDRESS** completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form **3811,** December 1994          102595-97-B-0179     **Domestic Return Receipt**

1:05cv390  Doc. 20