# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DEBORAH STEWART,

    Plaintiff

    v.                                       Case No. C-1-05-390

THE IAMS COMPANY,

    Defendant

## ORDER

This matter is before the Court upon the Reports and Recommendations of the United States Magistrate Judge (doc. nos. 20, 27), Plaintiff's objections (doc. nos. 21, 24, 25, 30, 34), and Defendant's responses (doc. nos. 22, 26, 32). The Magistrate Judge recommended that Defendant's Motion for Summary Judgment (doc. no. 17) be granted with respect to Defendant The Iams Company ("Iams") and that Plaintiff's Complaint be dismissed against Iams.

Plaintiff objects to the Magistrate Judge's Reports and Recommendations on the grounds that his findings are contrary to the facts and the law.

Title 28 U.S.C. § 636(b)(1)(B) permits a district judge to designate a magistrate judge to conduct hearings and submit a report and recommendation with proposed findings of fact and law. *See also Gonzales v. Wolfe*, 290 Fed. Appx. 799, 814 (6th Cir. 2008). Parties are entitled to object to the findings of the magistrate judge, in which case the district court must conduct a de novo review of those specific portions of the report and recommendation to which the parties object. *Id.*; 28 U.S.C. § 636(b)(1). This Court is then entitled to accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1); *Gonzales*, 290 Fed. Appx. at 814.

Fed. R. Civ. P. 56 permits the use of summary judgment to ensure a just and efficient determination of legal actions when appropriate. Thus, the grant of summary judgment is proper when the nonmoving party fails to identify any genuine issues of material fact that would require resolution at a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party cannot rest "upon the mere allegation or denials of his pleading, but... must set forth specific facts showing that there is a genuine issue for trial" to oppose a properly supported motion for summary judgment. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The nonmovant's evidence is to be believed and all justifiable inferences are to be drawn in her favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158 (1970)). However, the court should not view the facts in the light most favorable to the nonmovant if that party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson,* 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmovant for a jury to return a verdict for that party. *Id.* (citing *Cities Serv.*, 391 U.S. at 288-289). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or

is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

On May 16, 2005, Plaintiff filed the instant *pro se* action in the Hamilton County Court of Common Pleas against Iams. On or about June 6, 2005, Defendant Iams removed this case from the Hamilton County Court of Common Pleas to this Court. (Doc. no. 1.) Plaintiff claims in this action against Iams that Iams' failure to hire her was the result of discrimination on the basis of age, sex, disability, and retaliation for protected actions taken against the Procter & Gamble Company, the parent company of Iams. (Doc. no. 1.)

On November 11, 2003, plaintiff received notice from Iams that she would not be offered employment. On October 1, 2004, 325 days after receiving notification that she was not being hired, Plaintiff filed a formal charge with the U.S. Equal Employment Opportunity Commission ("EEOC") claiming discrimination and retaliation. Plaintiff had previously contacted the EEOC concerning her claims multiple times, perhaps as early as August of 2004, prior to filing her formal charge with the EEOC. The content and dates of these communications with the EEOC are disputed.

The formal charge Plaintiff filed with the EEOC contains a field authorizing the complaint to be dual filed with the Ohio Civil Rights Commission ("OCRC"). Although Plaintiff did not execute this field on her formal EEOC charge, Plaintiff asserts dual filing is automatic under a worksharing agreement between the OCRC and the EEOC, that the appropriate box in this authorization field contains a marking, and that previous communications with the EEOC clearly indicated her desire to dual file with the OCRC. Additionally, Plaintiff alleges and has introduced some evidence that she was in communication with the OCRC on several other occasions. Her contacts and filings with the OCRC are disputed.

The Magistrate Judge recommended that summary judgment in favor of Iams is proper because the applicable time limit for plaintiff to file her EEOC charge was 300 days and since Plaintiff filed her formal charge with the EEOC 325 days after she received notification that she was not being offered employment with Iams, the complaint is time barred. *See Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001).

**Plaintiff objects to the Magistrate Judge's Reports and Recommendations on the basis that she timely filed a charge with the EEOC.**

**Actions under Title VII, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") share a similar procedural deadline that requires a Plaintiff to exhaust her administrative remedies and timely file a charge with the EEOC before bringing a lawsuit.** *Granderson v. University of Michigan*, **211 Fed. App'x. 398, 400 (6th Cir. 2006) (Title VII);** *Parry v. Mohawk Motors of Mich., Inc.*, **236 F.3d 299, 309 (6th Cir. 2000) (ADA);** *Davis v. Sodexho, Cumberland Coll. Cafeteria*, **157 F.3d 460, 463 (6th Cir. 1998) (ADEA). Failure to exhaust one's administrative remedies within this time period is an appropriate basis for dismissal.** *Hoover v. Timken Co.*, **30 Fed. Appx. 511, 513 (6th Cir. 2002). The deadline to file a charge is 180 days, which is extended to 300 days if the individual also files with a state or local agency able to grant relief.** *See* **42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). A plaintiff can demonstrate that she qualified for the 300-day deadline even if she did not file with the appropriate state agency by showing the existence of a worksharing agreement between the EEOC**

and the state agency. *Berger v. Medina County Ohio Bd. of County Comm'rs*, 295 Fed. App'x. 42, 45 (6th Cir. 2008). A plaintiff need only demonstrate that such an agreement existed, not that the EEOC actually forwarded the complaint to the appropriate state agency. *Nichols v. Muskingum College*, 318 F.3d 674, 678 (6th Cir. 2003) (noting that it is well-established that misfeasance by the EEOC is not held against a Plaintiff).

For a communication with the EEOC to constitute a "charge," the communication must do more than contain an allegation of discrimination and name the employer. *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 401 (2008).[1] A charge must provide enough additional information to "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Id.* at 402.

The administrative filing deadline is an affirmative defense, and the

---

[1] This Court recognizes that *Holowecki* specifically relates to ADEA discrimination charges and the opinion cautions against application without careful analysis to other similar statutes the EEOC enforces. 552 at 393. Federal courts, including this court, have consistently applied *Holowecki* in the Title VII context. *See Higgins v. Vitran Exp. Inc.,* 2009 WL 3873662 (S.D. Ohio 2009) (Dlott, C.J.) (unpublished decision); *Simmons v. Harman Mgmt. Corp.*, 2008 WL 4862450 (D. Utah 2008) (unpublished decision); *Grice v. Baltimore County, Md.*, 2008 WL 4849322 (D. Md. 2008) (unpublished decision); *Moore v. Angus Chemical Co.*, 2008 WL 4491592 (W.D. La. 2008) (unpublished decision); *Taylor v. Oce Imagistics, Inc.,* 2008 WL 2148557 (E.D. Va. 2008) (unpublished decision); *Evenson v. Sprint/United Mgmt. Co.*, 2008 WL 4107524 (N.D. Tex. 2008) (unpublished decision); *Grigsby v. Pratt & Whitney Amercon, Inc.*, 2008 WL 2156355 (M.D. Pa. 2008) (unpublished decision); *Broxterman v. Falley's Inc.*, 2008 WL 2038917 (D. Kansas 2008) (unpublished decision).

plaintiff need not state in the complaint that she has met the deadline. *Berger*, 295 Fed. App'x. at 45. However, once a defendant moves to dismiss on the grounds that a claim has not been timely filed, the plaintiff must respond. *See id.*

Substantial factual disagreement exists concerning whether Plaintiff gave notice to the EEOC's corresponding state agency, the OCRC. Plaintiff introduced additional evidence subsequent to filing her complaint suggesting she sought to have her claim filed with the OCRC, in addition to the EEOC. At the very least, Plaintiff has provided notice of the recognized worksharing agreement between the EEOC and the OCRC. According to *Berger*, providing notice of this worksharing agreement is sufficient to qualify the Plaintiff for the 300-day deadline.

There is similar disagreement over the facts concerning Plaintiff's communications with the EEOC prior to filing her formal charge on October 1, 2004. Plaintiff has introduced evidence which suggests that her communications with the EEOC prior to this date may have constituted a charge for the purposes of establishing the procedural deadline was met. This, however, is a factual issue not ripe for determination on summary judgment. At this stage, the Court is to decide

**only if there is a genuine issue of material fact and is not to weigh the evidence to determine the truth of the matter. Because there are genuine issues of material fact as to whether Plaintiff timely filed a charge with the EEOC, summary judgment is not proper on this ground. The Court therefore modifies the Reports and Recommendations insofar as the Magistrate Judge determined that Plaintiff's Complaint is time-barred.**

**Plaintiff objects to the Magistrate Judge's Reports and Recommendations based on her contention that her claims arose under state law only and thus removal to this Court was improper.**

**Defendants may generally remove an action to federal district court if the district court has original jurisdiction over the suit. 28 U.S.C. § 1441(a, b). Under the well-pleaded-complaint rule, this Court generally looks to a plaintiff's complaint to determine whether a claim arises under federal law.** *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, **491 F.3d 320, 325 (6th Cir. 2007). As a general rule, an action is not removable if the complaint relies only on state law, with a limited exception for the complete preemption doctrine.** *Id.*

**Plaintiff's complaint, on a plain reading, pleads federal causes of action that make removal to this Court proper. The Plaintiff's complaint**

explicitly details her attempts to pursue a remedy for the alleged discrimination and retaliation through the EEOC and is accompanied by an EEOC right-to-sue letter. The EEOC is a federal agency tasked with enforcing federal employment discrimination laws, not state-law causes of action. Thus, this Court has original jurisdiction as per 28 U.S.C. § 1441(b), which makes removal proper.

Plaintiff objects to the recommendation of the Magistrate Judge that, even if the complaint was timely filed, Plaintiff's discrimination and retaliation claims fail because Plaintiff has not established a prima facie case of discrimination and retaliation. Plaintiff is unable to demonstrate that she was qualified for the job of Manufacturing Technician at Iams, that she was "otherwise qualified" for work at Iams, that Iams knew she had a disability or perceived her to have a disability, that Iams knew she had engaged in a protected activity while at P&G, or that her rejection for employment by Iams was related to her having engaged in a protected activity.

**The facts related to Iams' application process for Plaintiff are undisputed. In the fall of 2003, Plaintiff sought employment as a manufacturing technician at Iams' manufacturing plant in Leipsic, Ohio. The hiring process for the position was competitive and Plaintiff was one of more than 300 people who completed an online, pre-screening application. Based on answers supplied in these applications, Iams selected Plaintiff and 19 other individuals to continue further in the application process as skilled, potential candidates for employment.**

**Once these potential candidates for employment, Plaintiff included, were selected to proceed beyond the online application process, it was Iams' procedure to invite them to Iams' facilities to take three pre-employment aptitude tests. These tests were scored on a scale of "1-5" and measured a candidate's problem solving skills, math and quantitative abilities, and personal skills. All applicants were required to score "3" or better on each test to continue with the application process. If applicants scored sufficiently high, Iams' application procedure allowed for two rounds of interviews where Iams' staff scored candidates from "1-5" on seven different factors believed to predict success on the job. Applicants whose total scores were less than "21", who received more than two**

scores of "2", who received any scores of "1", or who did not score at least a "3" in a factor titled "Solutions," were not hired.

Plaintiff was one of 14 candidates who achieved satisfactory scores on the pre-employment aptitude tests and also survived the first round of interviews. She scored "21" in that round and received a score of "2" in two different analysis factors, which was the minimum needed to proceed to a second interview. In the second round of interviews, Plaintiff scored only 20 points and scored a "2" in the "Solutions" category. As per Iams' standardized procedures governing its application process, either one of these factors disqualified Plaintiff from employment with Iams. On November 11, 2003, Plaintiff received notice from Iams that it was not hiring her.

This Court has reviewed the information provided by Plaintiff and has held extensive oral hearings in conducting its *de novo* review of the Reports and Recommendations. It is clear that Plaintiff was satisfied with the application process. In fact, she felt she had successfully completed it. It is equally clear that the process and the results of the process are not tainted in any way by unlawful discrimination or retaliation and that Plaintiff did not meet the requirements of the application process to qualify for employment with Iams.

**Upon a *de novo* review of the Reports and Recommendations as modified herein, the Court finds that the Magistrate Judge has properly applied the controlling principles of law to the facts of Plaintiff's discrimination and retaliation claims and agrees with the Magistrate Judge.** [2]

**Accordingly, the Court hereby ADOPTS as MODIFIED the Reports and Recommendations of the United States Magistrate Judge. Defendant's Motion for Summary Judgment (doc. no. 17) is GRANTED. This case is DISMISSED and is TERMINATED on the docket of the Court at Plaintiff's cost.**

**IT IS SO ORDERED.**

                                        **S/ Herman J. Weber**
                                        **Herman J. Weber, Senior Judge**
                                          **United States District Court**

---

[2] This Court is aware that there were substantive amendments to the ADA that became effective January 1, 2009. However, these amendments do not apply retroactively to this case and this Court must decide this case using the law in force at the time the complained of activity occurred. ***See Verhoff v. Time Warner Cable, Inc.***, 299 Fed. Appx. 488 (6th Cir. 2008); ***Geiger v. Pfizer, Inc.,*** 2009 WL 973545 (S.D. Ohio 2009) (unpublished decision).